726 F.Supp. 256 (1989)
Ronnie BLACKWELL, et al., Plaintiff,
v.
CITY OF ST. CHARLES, Defendant.
No. 89-1567C(1).
United States District Court, E.D. Missouri, E.D.
December 7, 1989.
*257 Bradley Pierce, UAW-Chrysler Legal Services, St. Louis, Mo., for plaintiff.
Lyn Porterfield/Chas. Callier, Jr., Robert Krehbiel, Evans & Dixon, St. Louis, Mo., for defendant.

MEMORANDUM
NANGLE, Chief Judge.
Plaintiffs are residents of unincorporated St. Charles County who seek declaratory and injunctive relief from the City of St. Charles' policy requiring plaintiffs to sign a "Petition for Voluntary Annexation" in order to be allowed access to the city's water and sewer systems.[1] The petition symbolizes the signatories' acquiescence to annexation to the City of St. Charles, once their parcel becomes contiguous to the St. Charles city limits. Plaintiffs claim that the policy violates (1) their rights under the first amendment by "requiring plaintiffs to sign a statement endorsing proposed government action to which they object," (2) their rights under the due process clause because the signed petition must be recorded in the Recorder of Deeds Office creating an obligation running with their land, and (3) their rights under the equal protection clause because the class of non-residents to which plaintiffs belong is denied access to the water and sewer systems unless they sign the petition.
The case is before the Court on the parties' cross-motions for summary judgment. The parties do not dispute any material facts, but merely present questions of law: whether St. Charles' requirement as to the petition for voluntary annexation violates plaintiffs' constitutional rights. The Court finds that it does not, and that defendant is entitled to judgment as a matter of law.
As a threshold matter, the Court finds that plaintiffs have no legally enforceable "rights to access to defendant's municipal water system." (Complaint, ¶ 19.) Plaintiffs themselves cite § 91.050 R.S.Mo., which provides:
Any city in this state which owns and operates a system of waterworks may, and is hereby authorized and empowered to, supply water from its waterworks to other municipal corporations for their use and the use of their inhabitants, and also to persons and private corporations for use beyond the corporate limits of such city, and to enter into contracts therefore, for such time, upon such terms and under such rules and regu- *258 lations as may be agreed upon by the contracting parties. (Emphasis added.)
The clear import of this statute is that provision of water to non-residents is permissive, not mandatory, and is generally subject to contractual agreement between the city and non-residents. St. Charles' requirement that the petition be signed is entirely consistent with the statute. Apropos of this statute, the Missouri Court of Appeals has held that "the Missouri General Assembly clearly has left the sale of water by a city to nonresidents as a matter of voluntary contract, free from regulation." Forest City v. City of Oregon, 569 S.W.2d 330, 334 (Mo.App.1978). Plaintiffs' have, therefore, no property right or interest in access to St. Charles' water and sewer systems.
Plaintiffs' first amendment claim is without merit. Even on plaintiffs' view, St. Charles' policy does not restrain plaintiffs' speech, but rather constrains or compels it. First, the Court finds plaintiffs' characterization of the required assent to annexation as compelled political speech to be rather strained. The signing of the petition is not a "compulsion to declare a belief," nor a communication of ideas, nor "a symbol of adherence to government as presently organized," nor an acceptance of political ideas; it does not require "affirmation of a belief and an attitude of mind." West Virginia Board of Education v. Barnette, 319 U.S. 624, 631-33, 63 S.Ct. 1178, 1181-83, 87 L.Ed. 1628 (1943).
Second, even if the political speech characterization is accepted, the first amendment is not implicated by a rational requirement of assent to a particular proposition in order to obtain a benefit to which the would-be recipient has no legal entitlement. In the freedom of religion context, the Supreme Court has noted the importance of the distinction between governmental compulsion and conditions relating to governmental benefits. See, e.g., Bowen v. Roy, 476 U.S. 693, 705, 106 S.Ct. 2147, 2155, 90 L.Ed.2d 735 (1986).[2] The same distinction is applicable in the sister first amendment context of free speech.
Furthermore, only in the governmental compulsion context would the "least restrictive means" test, on which plaintiffs rely, come into play. Here, St. Charles meets its burden when it demonstrates that the challenged requirement "is a reasonable means of promoting a legitimate public interest." Bowen, 476 U.S. at 707-708, 106 S.Ct. at 2156. The distinction between governmental compulsion and conditions relating to governmental benefits, and the corresponding difference in the government's burden to justify the challenged practice, preclude relief for plaintiffs on first amendment grounds.
The consent to annexation requirement is not compulsory in the constitutional sense. It is "forced" upon plaintiffs only in the sense that it is a contract term which they must accept in order to obtain the city's agreement to provide them with water. Conversely, plaintiffs may reject the required assent as too high a price for the benefit they seek. In the language of Bowen v. Roy, it is a "government regulation that indirectly and incidentally calls for a choice between securing a governmental benefit and adherence to [political preferences]." Bowen, 476 U.S. at 706, 106 S.Ct. at 2155.
Furthermore, the Court finds that the requirement is not, as plaintiffs contend, unreasonable, "a collateral matter unrelated to service" or discriminatory as between residents and non-residents. Both residents and non-residents are, in effect, required to assent to annexation to St. Charles; plaintiffs are not asked to consent to anything other than what residents consent *259 to implicitly by choosing to live in St. Charles. The Court further finds that the requirement is rationally related to St. Charles' legitimate governmental interests: its "interest in promoting orderly development within its immediate planning area, in avoiding fragmented corporate limits, and in furthering the primary purpose of providing municipal services to its own tax paying citizens." Thus the requirement does not involve a merely collateral matter.
Plaintiffs' substantive due process claim is that "[b]y illegally requiring that the plaintiffs agree [to record the petition] in order to create a continuing obligation running with the land, defendant has violated plaintiffs' property rights in contravention of the Due Process Clause." (Complaint, ¶ 16.) As the Court has earlier noted, however, plaintiffs have no property interest in or right to access to St. Charles' water. Therefore, the due process claim fails, as did the first amendment claim, because substantive due process is not implicated by the imposition of rational requirements on the receipt of a benefit to which the would-be recipient has no legal entitlement. See Lemke v. Cass County, Nebraska, 846 F.2d 469, 471-73 (8th Cir. 1987) (Arnold, concurring).
As for plaintiffs' equal protection claim, because the classification based on residency is not constitutionally suspect and does not impinge upon a fundamental right, plaintiffs have the difficult burden of showing that the classification has no rational relation to any legitimate governmental interest. City of Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 440, 105 S.Ct. 3249, 3254, 87 L.Ed.2d 313 (1982). This plaintiffs cannot do. The Court has earlier found that defendant's abundant justification for the policy supplies the necessary rational relation to legitimate governmental interests.
Accordingly, defendant's motion for summary judgment is granted.
NOTES
[1] The pertinent text of the petition is as follows:

The undersigned, in consideration of the City of St. Charles, Missouri granting to the undersigned the right to tap into the Public Water and Sanitary Sewer Service from the City of St. Charles upon payment of the customary fees, hereby petition(s) and request(s) the City Council of the City of St. Charles, Missouri, to annex into the corporate limits of the City of St. Charles, Missouri, the following described tract of land presently outside of the corporate limits when the said land becomes contiguous to the corporate limits of said City of St. Charles, Missouri ...
This Petition shall be a continuing obligation running with the land, and shall bind the subsequent owners, their heirs, executors, administrators, successors, assigns, or legal representatives. It is understood that this instrument will be recorded in the Recorder of Deeds Office of St. Charles County and shall be of record.
[2] "This distinction is clearly revealed in the Court's opinions. Decisions rejecting religiously based challenges have often recited the fact that mere denial of a governmental benefit by a uniformaly applicable statute does not constitute infringement of religious liberty." Bowen, 476 U.S. at 704, 106 S.Ct. at 2154. "We conclude then that government regulation that indirectly and incidentally calls for a choice between securing a governmental benefit and adherence to religious beliefs is wholly different from governmental action or legislation that criminalizes religiously inspired activity or inescapably compels conduct that some find objectionable for religious reasons." Bowen, 476 U.S. at 706, 106 S.Ct. at 2155.